Jesse L. Bowens v. Commissioner.
Bowens v. Commissioner
Docket No. 1912-69SC.
United States Tax Court
T.C. Memo 1969-271; 1969 Tax Ct. Memo LEXIS 22; 28 T.C.M. (CCH) 1368; T.C.M. (RIA) 69271; December 15, 1969, Filed Jesse L. Bowens, pro se, 967 Greene Ave., Brooklyn, N. Y. Marvin A. Fein, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's 1967 income tax in the *23 amount of $446.51. The issues are: Whether petitioner is entitled to a claimed "alimony" deduction in excess of the $540 which has been allowed by respondent; and whether petitioner is entitled to dependency exemption deductions for his two minor children. Petitioner resided in Brooklyn, New York, at the time his petition herein was filed and at the time his individual income tax return for the calendar year 1967 was filed with the district director of internal revenue. During the first part of 1967 petitioner, his wife Mary Jane Bowens (hereinafter called Mary Jane), and his two children lived together in a house at Wyandanch, Long Island. Their children, Jesse L. Bowens, Jr., and Yolanda Bowens, were then 8 and 12 years old, respectively, and both attended school. Neither child had any earnings during the year in issue. The house at Wyandanch was owned jointly by petitioner, his wife, and his wife's sister and was occupied by the three adults, petitioner's two children, and the two children of his wife's sister. Its fair rental value, unfurnished, was approximately $150 a month. About the middle of April 1967, petitioner and his wife had marital difficulties and petitioner *24 moved out of the Wyandanch house and moved to Brooklyn in order to be closer to his work. Thereafter he made the 35- or 40-mile trip back to Wyandanch approximately twice a month throughout the remainder of the year in order to see and be with his children. At about the same time that petitioner moved out and on April 19, 1967, Mary Jane obtained an "Order of Support" from the Family Court of the State of New York for the County of Suffolk, which reads in pertinent part: The above named Petitioner having filed in this Court a Petition under Article 4 of the Family Court Act * * * alleging that the above named Respondent is chargeable with support of the petitioner and two children * * * the Court finds the Respondent is chargeable with support as alleged in the foregoing Petition. THEREFORE, Respondent is hereby ORDERED to pay to the Suffolk County Department of Probation the sum of $45.00 per week beginning April 21, 1967, one-third each child and one-third petitioner all inclusive for the support of his (Dependents) named in the Petition, until further order of the Court. Petitioner made such payments during the remainder of the year in issue. On his income tax return petitioner *25 claimed an "alimony" deduction based upon his payments to Mary Jane in the amount of $1,140. It is not clear how petitioner arrived at this figure but respondent's statutory deficiency notice disallowed all but $540 of this claimed deduction on the basis that the support order of April 19, 1967, provided for payments of only $15 a week beginning on April 21 for Mary Jane. Petitioner does not contend that any more than this $15 a week was paid to Mary Jane or for her benefit and we therefore ruled this first issue from the bench in respondent's favor. Under sections 151(a) and (e)(1) [1] and 152(a)(1), petitioner would be entitled to 1369 exemption deductions of $600 each for his son and his daughter if he furnished more than half of the support of each for the year in issue. We note that section 152(e) is not applicable in this case since such section is expressly applicable only in the case of parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, * * * Petitioner and Mary Jane were not divorced, had no written separation agreement and were not separated under any decree *26 of separate maintenance. The Order of Support of April 19, 1967, is not a decree of separate maintenance. It was made by a court of limited jurisdiction which did not even have the power or jurisdiction to make such a decree. (Domestic Relations Court of City of New York Family Court Division). See also . Under the Order of Support petitioner paid $540 for the benefit of each child and in addition he gave each child a small allowance, spent modest amounts for their food and entertainment when he visited them biweekly, carried hospital insurance which covered each child and spent modest amounts for clothing for his son. These items, together with allocate portions of fair rental value attributable to petitioner's share of the Wyandanch house, and living expenses for the first 16 weeks of 1967, total approximately $1,000 for Jesse L. Bowens, Jr., and $940 for Yolanda. Under section 152(a), supra, petitioner has the burden of proving that over half of the support for each child was furnished *27 by him. This necessarily entails proof on his part of the total support for each child for the year in issue and petitioner has failed this burden. At the trial petitioner made certain estimates as to the expenses of running the Wyandanch house, the cost of groceries, and other necessaries which indicate that the amounts expended by Mary Jane in support of the children approximate or even exceed the amounts spent by petitioner and this is a reasonable assumption since petitioner testified that Mary Jane was employed full-time during the year in issue as a practical nurse (salary unknown) at the Pilgrim State Hospital. Since petitioner has failed his burden of proving the total support cost of either child, it follows that Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩